IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KIMBERLY D. ESTEP,

        Plaintiff,

v.                                    CIVIL ACTION NO. 3:18-CV-01537

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,[1]

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is "Plaintiff's Objections to Proposed Findings and Recommendation." *Objections*, ECF No. 19. The Objections reference the Proposed Findings and Recommendation ("PF&R") issued by Magistrate Judge Dwane L. Tinsley on February 7, 2020. *PF&R*, ECF No. 18. For the reasons set forth below, the Court **DENIES** Plaintiff's Objections and her request for reversal, **ADOPTS AND INCORPORATES HEREIN** the PF&R, **AFFIRMS** the Commissioner's final decision, and **DISMISSES WITH PREJUDICE** this action from its docket.

**I. BACKGROUND**

Plaintiff Kimberly Estep a fifty-three-year-old applicant for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. *Tr.*, ECF No. 9, at 159.[2]

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d). *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] All references to "*Tr.*" refer to the Transcript of Proceedings filed in this action at ECF No. 9. All page numbers reference the Bates numbers stamped on the bottom-right corner of each

Plaintiff sought these benefits in light of a history of discoid lupus, vision problems, depression, and panic attacks. *Tr.*, ECF No. 9, at 163. She submitted her application on November 26, 2014, *id.* at 141, and it was denied on March 6, 2015, *id.* at 77. After it was denied again on October 6, 2015, *id.* at 82, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ") that was held in Charleston, West Virginia on August 10, 2017, *id.* at 23. The ALJ heard testimony from Plaintiff and Patricia Posey, a vocational expert. *See id.* at 24. Plaintiff offered extensive information about her home life, medical issues, and drug usage, while Posey testified that Plaintiff had no transferrable skills to any jobs within her residual functional capacity ("RFC").[3] *Id.* at 48–52.

On November 22, 2017, the ALJ issued a nine-page decision concluding that Plaintiff was "not disabled under sections 216(i) and 223(d) of the Social Security Act." *Id.* at 18. She made several key findings in her ruling that are of particular importance to the instant case. First, she concluded that Plaintiff's discoid lupus—though not her vision problems, depression, or panic attacks—constituted a "severe impairment." *Id.* at 12. She also found that Plaintiff did not have an impairment or combination of impairments that met the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. With this in mind, she concluded that Plaintiff possessed the "residual functional capacity to perform light work," but not "any past relevant work." *Id.* at 14, 16. Finally, she found that "there are jobs that exist in significant numbers in the national economy" that Plaintiff would be capable of performing, including working as a

---

page.
  [3] As the ALJ correctly noted, "[t]ransferability of job skills is not material to the determination of disability, because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not the claimant has transferable job skills." *Tr.*, at 17.

warehouse support worker, produce weigher, or price marker. *Id.* at 17. Given this capability, the ALJ reasoned that Plaintiff was not disabled as defined by the Social Security Act. *Id.* at 18.

Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council, which denied her appeal in a letter dated November 1, 2018.[4] *Id.* at 1. Plaintiff timely initiated the present action pursuant to 42 U.S.C. § 405(g), which provides for judicial review of final decisions by the Commissioner of Social Security ("Commissioner"). *See Compl.*, ECF No. 1. By standing order, Plaintiff's appeal was referred to Magistrate Judge Dwane L. Tinsley for findings of fact and his proposed recommendation for disposition. *Standing Order*, ECF No. 3. Plaintiff filed a brief in support of her Complaint on August 12, 2019, *Pl.'s Br.*, ECF No. 13, while Defendant did the same with his brief on October 7, 2019, *Def.'s Br.*, ECF No. 16. Plaintiff also filed a Reply. *Pl.'s Reply Br.*, ECF No. 17. Magistrate Judge Tinsley issued his PF&R on February 7, 2020, *PF&R*, at 1, and Plaintiff timely filed her Objections on February 21, 2020, *Objections*, at 1. Before turning to these Objections, the Court will first outline the law that will govern its analysis.

## II. STANDARDS OF REVIEW

Two legal standards guide the Court's resolution of this case: one controlling its review of Plaintiff's Objections, and another controlling its review of the Commissioner's final decisions. The Court will summarize both standards separately.

**A. Review of Proposed Findings and Recommendation**

In reviewing a plaintiff's objections to a PF&R, the Court must undertake a *de novo* review "of those portions of the . . . proposed findings or recommendations to which objection is made."

---

[4] The ALJ's decision therefore represented the Commissioner of Social Security's decision as of that date. *See* 20 C.F.R. §§ 404.900(a)(5), 404.955(b), 404.981, 416.1400(a)(5), 416.1455(b), 416.1481, 422.210(a).

28 U.S.C. § 636(b)(1). Of course, as this language suggests, the Court is not required to undertake a review of those portions of the PF&R to which no objection is made. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The Court will similarly decline *de novo* review of "general and conclusory" objections, and will address only those objections that raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009). To do otherwise would "render[] the initial referral to the magistrate judge useless." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the Court retains the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

### B. Review of Final Decisions of the Commissioner of Social Security

After the Commissioner issues a final decision, a claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). This review is not expansive; indeed, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" and binding upon a district court. *Id.* This means that the Court will uphold the Commissioner's decisions where "they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence," in turn, need only constitute sufficient evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Given the centrality of the ALJ's consideration of the evidence to the instant case, the Court must also analyze whether she considered all of the relevant evidence and adequately explained her rationale for crediting or discrediting it. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th

Cir. 1998). Where an ALJ fails to consider or adequately explain a relevant piece of evidence, a court may remand an appeal for further factfinding or clarification. *See Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987). Nevertheless, the issue this Court is to consider is "not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589.

### III. DISCUSSION

The PF&R provides a thorough and complete analysis of the record and the applicable law governing this Court's review, and concludes by recommending that the ALJ's decision be upheld. *PF&R*, at 23. Plaintiff's Objections, on the other hand, are largely factual assertions that are generally unrelated to the considerations outlined in the ALJ's decision and the PF&R. *See, e.g.*, *Objections*, at 2. Plaintiff identifies only one particularized objection to the PF&R: that the "Magistrate Judge erred in finding the [ALJ] considered all of Ms. Estep's [lupus] symptoms in determining [Plaintiff's] residual functional capacity," and particularly that he did not consider the ALJ's failure to address Plaintiff's "itching, fatigue, headache, joint pain and side effects from medication."[5] *Objections*, at 1. This is essentially the same argument Plaintiff raised in front of Magistrate Judge Tinsley, and it must fail in front of this Court for the same reason: that the ALJ *did* consider evidence of Plaintiff's discoid lupus systems in reaching her conclusion.

This point is made clearly enough on the face of the ALJ's decision, which notes that

---

[5] Plaintiff has somewhat altered the list of lupus symptoms she claims the ALJ has failed to address throughout these proceedings. In her first brief, Plaintiff pointed only to "the evidence of arthritis, abnormally low weight and chronic skin symptoms caused by lupus." *Pl.'s Br.*, at 18. She also mentions "discoid skin lesions and hair loss, and . . . complaints of joint pain." *Id.* In her Reply, this list of symptoms was updated to its current form to include only "itching, fatigue, headache, joint pain and side effects from medication." *Pl.'s Reply Br.*, at 2.

> The claimant alleged multiple *physical symptoms* and associated limitations. She testified that she has lupus, which causes severe *skin blemishes* on her face and throughout her body. She stated her skin thereby remains "*itchy*." She stated her skin symptoms worsen with exposure to sun or extreme temperatures. The claimant also described persistent *joint pain* related to lupus . . . . The claimant additionally described lupus-related *fatigue* by indicating she sleeps "off and on" about 5 hours per night.

*Tr.*, at 15 (emphasis added). Nor did the ALJ ignore Plaintiff's headaches, noting that "the claimant was diagnosed with visual impairment, *headaches*, irritable bowel syndrome, depression, and panic attacks." *Id.* at 13 (emphasis added). She simply determined that Plaintiff's headaches were not a symptom of lupus, but rather a non-severe medical condition. *Id.* Plaintiff does not point to evidence that contradicts this conclusion, and certainly none that would overcome the substantial evidence that the ALJ relied on in reaching her decision.[6] With respect to the final symptom Plaintiff cites—side effects of medications—the ALJ specifically noted that Plaintiff's "[t]reatment notes confirm no ongoing treatment for lupus." *Tr.*, at 16. As Plaintiff is not presently taking medications to treat her lupus, it is unclear how side effects of medications should (or even could) factor into the ALJ's decision.

In sum: the ALJ addressed each symptom Plaintiff cites, and Magistrate Judge Tinsley thus appropriately concluded that she considered them in reaching her conclusion regarding Plaintiff's RFC. While the Court is sympathetic to Plaintiff and her claims, judicial review of the Commissioner's decisions is limited to addressing whether they are based on substantial evidence. This "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting

---

[6] For example, while Plaintiff claims that "headaches are consistent with lupus" in her opening brief, she cites to no authority or portion of Plaintiff's medical records suggesting this is the case. *Pl.'s Br.*, at 18.

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Both the ALJ's decision and Magistrate Judge Tinsley's review of it meet this threshold.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Objections, ECF No. 19, and her request for reversal, ECF No. 13, and **ADOPTS AND INCORPORATES HEREIN** the PF&R, ECF No. 18. The Court thus **AFFIRMS** the Commissioner's final decision and **DISMISSES WITH PREJUDICE** this action from its docket.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.

ENTER: February 28, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE